# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DONALD A. COLVILL,**
   **Plaintiff,**

 v.              Case No. 17-C-1290

**LIFE INSURANCE COMPANY**
**OF NORTH AMERICA,**
   **Defendant.**

---

## DECISION AND ORDER

This is an ERISA case. Plaintiff seeks long-term disability ("LTD") benefits under an ERISA-governed employee welfare benefit plan, funded by a policy of LTD insurance (the "Policy") issued by defendant Life Insurance Company of North America ("LINA"). LINA contends that the Plaintiff is not disabled as defined in the Policy and is not entitled to benefits. Now before me are cross-motions for summary judgment on the issue of the standard of review that I am to apply in reviewing LINA's benefits determination.

When I review a denial of benefits under an ERISA-governed plan, I am to apply a *de novo* standard of review unless the plan documents clearly vest the claim administrator with discretionary authority to determine whether benefits are due. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Raybourne v. Cigna Life Ins. Co. of New York,* 576 F.3d 444, 448 (7th Cir. 2009). If the plan documents grant the administrator such authority, the standard is more deferential; I consider only whether the administrator's determination was "arbitrary and capricious". *Geiger v. Aetna Life Ins. Co.,* 845 F.3d 357, 362 (7th Cir. 2017).

The parties to the present case agree that, on the same date that the Policy went into effect, the plan administrator (i.e., plaintiff's employer) executed a document known as the Appointment of Claim Fiduciary Form ("ACF") which purports to appoint LINA as the designated fiduciary for review of claims under the Policy. As required under ERISA, LINA further issued a Summary Plan Description ("SPD") which contained the following language:

> The [plan administrator] has appointed [LINA] as the named fiduciary for adjudicating claims for benefits under the Plan, and for deciding any appeals of denied claims. [LINA] shall have the authority, in its discretion, to interpret the terms of the Plan, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact. All decisions made by [LINA] shall be final and binding on Participants and Beneficiaries to the full extent permitted by law.

In addition, the Policy contained an integration clause, which read as follows: "This Policy, including the endorsements, amendments, and any attached papers constitutes the entire contract of insurance."

The issue that I must resolve is whether these documents constitute a proper grant of discretion to LINA such that I must apply the more deferential standard when reviewing LINA's benefits determinations. Defendant's position is that the ACF is a legally binding "plan document," that the SPD effectively communicates the ACF's grant of discretion to plan participants, and that taken together these documents are sufficient to confer discretion on LINA. Plaintiff's position is, essentially, that the ACF is not a "plan document" because it is neither incorporated in the underlying policy nor explicitly referenced in the SPD.

The Seventh Circuit considered an issue much like this one in *Raybourne v. Cigna Life Insurance Co. of New York*, and concluded that the ACF in that case was a "plan document." 576 F.3d 444, 448-9 (7th Cir. 2009). The rationale for this conclusion was as follows. First, the *Raybourne* ACF contained specific language providing that the plan administrator must describe its grant of discretion to the fiduciary in the SPD furnished to participants, and the SPD in turn described the plan's grant of discretion to the fiduciary and explained "that the actual provisions of the plan are set forth in the insurance policy and the claims fiduciary agreement between [the administrator] and [the fiduciary]. Second, the *Raybourne* court acknowledged that ERISA plans frequently comprise multiple legally relevant plan documents. Thus the terms of such plans "often . . . must be inferred from a series of documents, none clearly labeled as 'the plan.'" *Id.* at 448. Finally, several indicia in the *Raybourne* ACF itself supported the court's conclusion that the ACF was a plan document:

> And given that the Claim Fiduciary Appointment provides the name of the plan and plan administrator, is signed by representatives of the plan and [the fiduciary], and states that it "shall be effective" from the date of the underlying insurance policy, it is difficult to see how it could be anything other than a plan document.

*Id.* at 449.

Plaintiff argues that the Supreme Court's decision in *CIGNA Corp. v. Amara,* 563 U.S. 421 (2011), two years after *Raybourne,* renders the logic of *Raybourne* inapplicable to the present case. In *Amara*, the Court held that summary documents (like the SPD in the present case) "provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan." *Id.* at 438. Since *Amara,* courts have agreed that an insurer or administrator may make a

summary document part of an ERISA plan, but this must be done explicitly in the policy or on the face of the summary document itself. *See Aschermann v Aetna Life Ins. Co.*, 689 F. 3d 726, 729 (2012) ("There is no reason why an employer cannot make a summary plan description be part of the plan itself and thus reduce the length of the paperwork and the potential for disagreement between the summary and the full plan."). Plaintiff argues that I should apply *Amara's* holding to the ACF in this case, and treat the ACF as legally binding only if it is explicitly incorporated into the plan.

However, *Amara* does not alter *Raybourne*'s conclusion that the ACF in that case, as opposed to the SPD, was a plan document. Indeed, *Raybourne* anticipated the Supreme Court's *Amara* holding regarding SPDs, reciting an earlier Seventh Circuit holding that "a grant of discretion that appears in an SPD but not the underlying plan is insufficient to warrant deferential review because an SPD—which is meant to be a plain language version of the underlying plan—may not confer rights that the plan itself does not." 576 F.3d at 449. The Seventh Circuit's recognition in *Raybourne* of the distinct natures of the ACF and SPD means that I cannot apply *Amara*'s SPD holding to the ACF in the present case. An SPD requires express incorporation because its default function, as provided by statute, is as a non-plan, purely informational document. An ACF, on the other hand, may be one of the "series of documents none clearly labeled as 'the plan'" from which courts within the Seventh Circuit are accustomed to inferring the terms of an ERISA plan. *Raybourne*, 576 F.3d at 448. Express incorporation of the ACF is not required.

4

Plaintiff also attempts to factually distinguish *Raybourne*, focusing on two main points: first, that the SPD in *Raybourne* mentioned the ACF by name,[1] which the SPD in the present case does not do; and second, that the *Raybourne* court did not discuss the integration clause in the insurance policy, which has been material to the decisions of courts in other circuits. These arguments fail.

With regard to the SPD, *Amara* teaches that the SPD is a merely a summary document, the purpose of which is to describe the provisions of the plan in plain English. An SPD does not determine the enforceable terms of the plan. Therefore, merely identifying or mentioning the ACF by name in the SPD is not what makes the ACF a plan document. Rather, what is important under *Raybourne* is that the SPD (consistent with its purpose) communicated the substance of the ACF:

> But here the discretion described in Cigna's SPD does not exist in a vacuum; the Cigna SPD refers to the Claim Fiduciary Appointment and *explains the discretion that it confers*. We thus conclude that the Claim Fiduciary Appointment is a plan document, and accordingly, the abuse-of-discretion standard of review applies.

*Raybourne*, 576 F.3d at 449 (emphasis added). The SPD in the present case clearly explains the discretion conferred upon LINA.[2]

Furthermore, other indicia led the *Raybourne* court to the logical inference that the ACF in that case was a plan document. Here, as in *Raybourne*, the indicia that the

---

[1] The SPD in *Raybourne* read in relevant part as follows: "[A]ctual provisions of the Plan are set forth in the insurance policy *and the claims fiduciary agreement* between [the plan administrator] and [the insurance company]." *Raybourne*, 576 F.3d at 448 (emphasis supplied). That SPD also described the grant of discretion as follows: "The Plan administrator has delegated to the insurance company the full and complete discretionary authority and responsibility to decide all questions of eligibility for coverage under the plan." *Id.*

[2] The pertinent language is as follows: "The [plan administrator] has appointed [LINA] as the named fiduciary for adjudicating claims for benefits under the Plan, and for deciding any appeals of denied claims. [LINA] shall have the authority, in its discretion, to interpret the terms of the Plan, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact. All decisions made by [LINA] shall be final and binding on Participants and Beneficiaries to the full extent permitted by law."

5

ACF is a plan document include: (1) the ACF is specifically captioned as a plan document with the caption "Employee Welfare Benefit Plan Appointment of Claim Fiduciary"; (2) the ACF names the applicable plan; (3) the ACF is executed "For the Plan" and the signature block provides in italics that the document "[m]ust be executed by a person authorized to amend the Plan"; (4) the Policy is specifically cross-referenced in the lower left corner of the ACF document; and (5) the effective date of the ACF is January 1, 2003, the same date that the policy became effective. Consistent with the Seventh Circuit's analysis in Raybourne, these indicia are sufficient to establish that the ACF in the case at bar is a plan document.

With regard to the Policy's integration clause: the parties agree that the clause does not explicitly reference the ACF. The insurance policy in *Raybourne* contained a similar integration clause, but the *Raybourne* court did not consider the integration clause in reaching its conclusion. Plaintiff argues that *had* the *Raybourne* court considered the clause, it would have concluded that the ACF was not a plan document. However, it stands to reason that the integration clause was of no import in the *Raybourne* court's decision. The integration clause merely determines the content of the insurance policy. The insurance policy is not the plan – rather the policy is more properly understood as a plan document that implements the plan. *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 912 (7th Cir., 2013) ("We sometimes equate the ERISA 'plan' with the insurance policy. More commonly, however, we refer to an insurance policy as a 'plan document' that implements the plan.")(internal citations omitted). "That some employers' plans provide benefits through an insurer does not make the policy the 'plan.'" *Pa. Chiropractic Assn. v. Independence Hosp. Indem. Plan,*

6

*Inc.*, 802 F.3d 926, 929 (7th Cir. 2015). Because the insurance policy is neither the plan, nor the sole and exclusive plan document, the fact that the policy's integration clause does not reference the ACF does not preclude the ACF from being a plan document.

I conclude, therefore, that the ACF in the present case is a plan document that confers discretion on LINA, and that the grant of discretion was properly communicated in the SPD. LINA's denial of benefits to the plaintiff will be subject to deferential review.

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment on the Standard of Review (ECF #19) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion for Partial Summary Judgment (ECF #23) is **GRANTED.**

**SO ORDERED** at Milwaukee, Wisconsin, this 27th day of August, 2018.

s/Lynn Adelman_____
LYNN ADELMAN
District Judge